Chapman et al. v. Thomas.

Rose in it; Justice Gay demanded of the plaintiff to open his shop and he refused, and struck at the justice when he attempted to get in, upon which said Gay gave parol orders to the constable to break open the plaintiff's shop and to take said Rose, if Rose could not be taken without. And thereupon in obedience to said orders, the constable broke open said shop and took said Rose, and also the plaintiff and set them at liberty upon their promise to appear on the next Monday morning.

The question of law referred to the court upon this verdict, was — Whether, upon the facts aforesaid, the justice had right by law, to give parol orders to the constable to break said shop and to take said Rose; for if he had, then both the constable and the justice must be found not guilty.

The principles of the law with respect to the cases in which an arrest, by a parol warrant or authority may be made, were not much disputed; that it might be done to prevent a breach of the peace, which was about to take place; also where an high-handed offense had been committed, and an immediate arrest became necessary, to prevent an escape, and that in these cases an arrest would be justified, made by any person with or without warrant. The doubt was — Whether the facts in the case brought it within the law.

The court gave judgment; that the law is so upon the facts found, that the breaking said shop and arresting said Rose and the plaintiff was lawful and right, and that the defendants are not guilty.

CHAPMAN AND STEEL, TRUSTEES OF CALDWELL, AN INSOL-VENT DEBTOR, BY SPECIAL ACT OF ASSEMBLY v. THOMAS.

The authority of trustees to an insolvent debtor, is joint.

PLEA in abatement; that since the commencement of this suit, and before any interlocutory judgment therein, the said

Eleazer Steel, one of the plaintiffs died, and that the authority of the plaintiffs, as trustees, is by the act of assembly a joint authority, and doth not survive to the surviving plaintiff — Demurrer.

Judgment — That the plea is sufficient.

MRS. LANE, THE WIDOW OF    LANE, DECEASED, v. COPLY.

Fifteen years exclusive possession by the son, a bar to the right of the father.

ACTION of ejectment for dower. Plea not guilty — Issue to the jury; who find the following facts, viz.

That thirty years before the date and impetration of the plaintiff's writ, Enos Lane, under whom the defendant claims, and the son of said deceased, by liberty from his father, entered upon said land, which his father then owned, lying in a wilderness state, cleared and fenced the land, planted an orchard and built a house and barn upon it and improved the whole, taking all the profits to himself, until the death of his said father, which happened in A. D. 1770.

The question of law referred to the court was — Whether the father at the time of his death was divested of his right and title to said lands by the son's entering and possessing as aforesaid, for more than fifteen years.

The opinion of the court upon the facts, was — That the father was divested of his right and title to said land, at the time of his death — and the defendant was found not guilty.

### TOWN OF WETHERSFIELD v. STAMFORD.

Action at law lies for one town against another for providing for a pauper in case of sickness.

ACTION of *assumpsit* for boarding, nursing and doctoring one Bates, a pauper belonging to the town of Stamford.